IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FENEL BAINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-1187-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Fenel Baine. *Pro se* petitioner.

James T. Wakley. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

_March 25_, 2013
Wilmington, Delaware



Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (D.I. 1) filed by petitioner Fenel Baine ("Baine"), and the State's motion to dismiss the application as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. (D.I. 13) For the reasons that follow, the court will grant the State's motion to dismiss petitioner's application.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2005, Baine and his friend, Keenan Bacon, were arrested and charged with the December 15, 2005 fatal shooting of Michael Cannon, and also with assaulting Michael Cannon's brother, Jeremy Cannon, and their friend, Marcus Johnson. *See Baine v. State*, 9 A.3d 475 (Table), 2010 WL 4679479, at *1 (Del. Nov. 18, 2010). Baine and Bacon each possessed a gun on the night in question. Baine's gun discharged as he was assaulting Jeremy Cannon with it. No one was struck by the bullet. Seconds later, Bacon's gun discharged. Michael Cannon was killed by the shot fired by Bacon. *Id.*

A Delaware Superior Court jury convicted Baine of manslaughter, two counts of possession of a firearm during the commission of a felony, second degree assault, third degree assault, and related offenses. *See Baine v. State*, 933 A.2d 1249 (Table), 2007 WL 2372635 (Del. Aug. 21, 2007). The Superior Court sentenced him to an aggregate of ninety-three years at Level V imprisonment, suspended after ninety-one years for decreasing levels of probationary supervision. (D.I. 13-1) Baine appealed, and the Delaware Supreme Court affirmed his convictions. *Baine*, 2007 WL 2372635, at *3.

Baine filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on September 4, 2008. The Superior Court denied Rule 61 motion on September 17, 2008. *See Baine v. State*, 963 A.2d 138 (Table), 2008 WL 5307386, at *1 (Del. Dec. 22, 2008). Baine filed a notice of appeal, which the Delaware Supreme Court dismissed as untimely filed on December 22, 2008. *Id.*

Baine filed his second Rule 61 motion on February 18, 2010, which the Superior Court denied on February 24, 2010. *In re Baine*, 2010 WL 8292360 (Del. Super. Ct. Feb. 24, 2010). The Delaware Supreme Court affirmed that judgment on November 18, 2010. *Baine*, 2010 WL 4679479, at *3.

Baine filed the instant habeas petition in November 2011, alleging his criminal trial was tainted by a variety of errors and that he was excessively sentence.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Baine's petition, filed in November 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Baine does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C) or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Baine's convictions and sentences on August 21, 2007, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Baine's convictions became final for the purposes of § 2244(d)(1)(A) on November 20, 2007. Accordingly, to comply with the one-year limitations period, Baine had to file his § 2254 petition by November 20, 2008. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Baine did not file his habeas petition until November 22, 2011,[2] three years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the

---

[2] Pursuant to the prisoner mailbox rule, the court adopts as the filing date the postmark date (November 22, 2011) on the envelope in which Baine filed his petition. *See Longenette v.*

3

limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Baine filed his first Rule 61 motion on September 4, 2008, which the Superior Court denied on September 17, 2008. Although Baine filed an appeal from that decision, the Delaware Supreme Court denied the appeal as untimely filed. Thus, Baine's first Rule 61 motion tolls the limitations period from September 4, 2008, through October 20, 2008, the date on which the time for filing a timely notice of appeal with the Delaware Supreme Court expired.[1]

When Baine filed his first Rule 61 motion on September 4, 2008, 287 days of the limitations period had already expired. The limitations clock started to run again on October 21, 2008, and continued to run without interruption until the limitations period expired on January 6, 2009. Baine's second Rule 61 motion, filed on February 18, 2010, was filed well-after the expiration of the limitations period and, therefore, has no statutory tolling effect.

---

*Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[1] The thirty-day appeal period actually expired on October 18, 2008, which was a Saturday. Thus, the appeal period extended through the end of the day on Monday, October 20, 2008. Del. Supr. Ct. R. 6.

4

Thus, even after accounting for the statutory tolling triggered by Baine's first Rule 61 motion, the instant petition is time-barred. Accordingly, the petition must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Baine concedes that his petition is untimely, but asks the court to equitably toll the limitations period because his late filing was due to the fact that he was not aware of AEDPA's one-year limitations period. This argument is unavailing, because a prisoner's ignorance of the law and lack of legal expertise does not excuse a prompt and timely filing. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D.

Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Baine has not provided any other cause for his late filing, and the two and one-half year delay in filing the instant application demonstrates a lack of reasonable diligence on his part. Thus, the court concludes that the doctrine of equitable tolling is not available to Baine on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Baine's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Baine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) An appropriate order will be entered.